| | | |
|---|---|---|
| **PLAQUEMINES PORT HARBOR & TERMINAL DISTRICT** | * | **NO. 2024-CA-0614** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **TUAN NGUYEN** | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 68-734, DIVISION "A"
Honorable Kevin D. Conner
\* \* \* \* \* \*
**Judge Monique G. Morial**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)


Stephen I. Dwyer
Jennifer S. Avallone
Susanne Cambre
DWYER CAMBRE & SUFFERN, APLC
3000 W. Esplanade Ave., Suite 200
Metairie, LA 70002


      COUNSEL FOR PLAINTIFF/APPELLANT


Cheryl Mollere Kornick
Matthew D. Simone
Zachary D. Berryman
LISKOW & LEWIS, APLC
701 Poydras Street
One Shell Square, Suite 5000
New Orleans, LA 70139-5099


      COUNSEL FOR DEFENDANT/APPELLEE


                                  **AFFIRMED**
                                  **MAY 29, 2025**

This is an expropriation case. Appellant, Plaquemines Port, Harbor & Terminal District ("the Port"), appeals the trial court's judgment granting a motion to dismiss its Petition for Expropriation. For the following reasons, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL HISTORY**

On February 22, 2024, the Port filed a "Petition for Expropriation" in the 25th Judicial District Court against Defendant, Tuan Nguyen, seeking to expropriate Mr. Nguyen's vacant, immovable property in Plaquemines Parish. In its petition, the Port alleged that, as a political subdivision of the State constitutionally charged with the responsibility to develop, control, operate, and maintain waterways within its jurisdiction, it was authorized to expropriate Mr. Nguyen's property "for the purpose of Port expansion" through the "Delta LNG Project."

The Port's petition further explained that the Delta LNG Project will "convert domestically produced natural gas to liquified natural gas for storage and

export, encourage the development of new domestic resources, and promote a liberalized global natural gas trade and greater diversification of global gas supplies." It alleged that the Port entered into a contract with a private liquified natural gas processing and transportation company, Venture Global, in order to "expand[] industrial development, for the creation of facilities that will serve Plaquemines Port" and further "dramatically increase commerce and traffic to and from Plaquemines Parish with anticipation of over three hundred liquified natural gas carrier ships calling on Plaquemines Port each year."

The Port attached to its petition the affidavit of Charles Tillotson, the Executive Director of the Port, who attested that Plaquemines Port is ranked as one of the top ports in the world as it serves water access to 33 states and offers the "closest terminals to open water on the Mississippi." He further attested that "Plaquemines Port has identified an opportunity to enter new markets in the liquefaction, storage and export of liquified natural gas to global markets." He further attested that "the Delta LNG Project will support Plaquemines Port's key objectives and mission in facilitating the transportation of liquified natural gas in domestic and international commerce."[1]

---

[1] The Port attached to its petition the Plaquemines Parish Council Ordinance wherein the Council determined that the expropriation was "necessary and useful for the purposes for which the Port was created."

On April 1, 2024, Mr. Nguyen filed a motion to dismiss pursuant to La. R.S. 19:147[2], asserting first that the petition was premature because the Port had not entered into any good faith negotiations to purchase the property. Second, Mr. Nguyen claimed that the Port's petition failed to state a proper and lawful expropriation claim. Specifically, Mr. Nguyen contended that the Port failed to state or present any valid public purpose for the expropriation, contending that the Port's sole purpose in expropriating Mr. Nguyen's property was to fulfill its contractual obligations under its alleged contract with the private, for-profit company, Venture Global. Mr. Nguyen argues that there is no constitutional authority to expropriate property solely for the purpose of leasing it to a private entity to conduct for-profit activities or business.

The Port opposed Mr. Nguyen's motion to dismiss, explaining first that it did in fact participate in good faith negotiations and obtained and incurred the expense of three separate appraisals, including one performed by an appraiser of Mr. Nguyen's choice. The Port further contended that its petition for expropriation

_____

[2] La. R.S. 19:147 provides:
> A. Any defendant desiring to contest the validity or extent of the taking on the ground that the property was not expropriated for a public use may file a motion to dismiss the suit within twenty days from the date the notice was served on him. He shall certify thereon that a copy thereof has been served personally or by mail on either the plaintiff or his attorney of record in the suit. This motion shall be tried contradictorily with the plaintiff.
> B. Failure to file the motion to dismiss or to serve a copy thereof on the plaintiff within twenty days from the date the notice was served on him constitutes a waiver of all defenses to the suit except claims for compensation.
> C. In the event a defendant files a timely motion to dismiss challenging the validity or extent of the taking, the court shall set the matter for hearing within thirty days after the filing of the motion to dismiss and shall render a decision within five days after the case is submitted. A judgment rendered determining the validity or the extent of the taking pursuant to this Part shall be signed and designated as a final judgment by the court for the purpose of an immediate appeal.

does state a valid public purpose for the expropriation of Mr. Nguyen's property. The Port explained that it has expended millions of dollars on port expansion through the Delta LNG Project, which will be a 630-acre contiguous and secure liquid natural gas and container port complex that will allow the Port to expand services of customers in domestic and international commerce.

The trial court conducted a hearing on May 13, 2024. On May 23, 2024, after taking the matter under advisement, the trial court issued a judgment granting Mr. Nguyen's motion to dismiss and dismissing the Port's petition for expropriation without prejudice.[3]

In his written reasons for judgment, the trial judge found that the Port's "sole use of the property is to act as leaseholder for property that will be utilized entirely by [Venture Global] and occupied by [Venture Global's] pre-treatment facilities… ." The Court found that "the purpose behind Plaintiff's petition for expropriation is singular in nature" and determined that the Port failed to state a valid and legal public purpose for the expropriation. This timely appeal followed.

## LAW AND ANALYSIS

Expropriation laws are special and exceptional in character, in derogation of common rights, and as such, must be strictly construed. *Exxon Mobil Pipeline Co. v. Union Pac. R.R. Co.*, 09-1629, p. 7 (La. 3/16/10), 35 So.3d 192, 197 (quotations omitted)(citing *United Gas Pipe Line Co. v. Blanchard*, 149 So.2d 615 (La. App.

---

[3] The trial judge considered the motion to dismiss as a motion based on exceptions of prematurity, no right of action, and no cause of action. The trial judge denied Mr. Nguyen's assertions that the petition was premature and that the Port did not have a right of action to file an expropriation suit. As to the portion of the motion to dismiss asserting that the Port failed to state a legal cause of action for expropriation, the trial judge took the matter under advisement.

1st Cir. 1963)). Both the federal and Louisiana Constitutions provide that any expropriation of land "must be for a 'public purpose' **and** provide 'just compensation.'" *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 17-0434, p. 8 (La. 1/30/18), 239 So.3d 243, 250 (emphasis in original). Whether an expropriating authority has satisfactorily proven that a property is suitable for expropriation is "primarily a question of fact on which the judgment of the trial court will not be disturbed unless manifestly erroneous." *Exxon Mobil*, 09-1629, p. 13, 35 So.3d at 200 (citation omitted).

"Although the Louisiana Constitution generally restricts the government from expropriating private property, it provides broad exceptions for public port authorities." *St. Bernard Port,* 17-0434, p. 1, 239 So.3d at 245. The Louisiana Supreme Court has recently addressed the constitutional provisions related to expropriation of land by a public port entity:

> In 2005, the United States Supreme Court decided the case *Kelo v. City of New London*, 545 U.S. 469, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005) which expressly upheld a taking for economic development purposes. Following *Kelo*, in 2006, voters of Louisiana approved a constitutional amendment enumerating permissible "public purposes" for a political subdivision to expropriate private property. As amended, art. I, § 4 provides, in pertinent part:
>
> > Section 4. (A) Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
> >
> > (B)(1) Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Except as specifically authorized by Article VI, Section 21 of this Constitution

5

property shall not be taken or damaged by the state or its political subdivisions: (a) for predominant use by any private person or entity; or (b) for transfer of ownership to any private person or entity.

(2) As used in Subparagraph (1) of this Paragraph and in Article VI, Section 23 of this Constitution, "public purpose" shall be limited to the following:
* * *
(b) Continuous public ownership of property dedicated to one or more of the following objectives and uses:
* * *
(vi) ***Public ports and public airports to facilitate the transport of goods or persons in domestic or international commerce***.
* * *
(6) No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise....

*St. Bernard Port*, 17-0434, pp. 8-9, 239 So.3d at 250. (emphasis in original).

"The Louisiana Constitution therefore provides that the government can expropriate property for '[p]ublic ports ... to facilitate the transport of goods or persons in domestic or international commerce.'" *St. Bernard Port*, 17-0434, p. 1, 239 So.3d at 245-46 (quoting La. Const. art. I, § 4(B)(2)(b)(vi)). Moreover, the Louisiana Supreme Court has found that a public port may "lease the expropriated property to another entity that physically handles the operations—a standard practice in the maritime industry." *Id*. at p. 9, 239 So.3d at 251, n. 9. However, the "operations" must nevertheless be those of a *public* port "to facilitate the transport of goods… ," as contemplated under La. Const. art. I, § 4(B)(1).

It is undisputed, however, that the private, for-profit company, Venture Global, will have exclusive operation and use of the property at issue pursuant to

6

an alleged lease agreement between Venture Global and the Port.[4] The trial court determined that the Port sought to expropriate the property at issue for the singular purpose of leasing the property to a private company to operate a *private* port facility for the exclusive use of that single, private entity—not for the purpose and use of a *public* port. Thus, the trial court found the Port failed to demonstrate that the purpose of the expropriation was a valid public purpose as contemplated under the Louisiana Constitution. We agree. Upon consideration of the evidence introduced at the hearing on the motion to dismiss and under the undisputed facts of this case, we cannot state the trial judge was manifestly erroneous in finding that the Port failed to satisfy the "public purpose" requirement of La. Const. art. I, § 4(B)(1).

**DECREE**

Accordingly, we affirm the trial court's judgment dismissing the Port's petition of expropriation without prejudice.

**AFFIRMED**

---

[4] The alleged lease option or lease agreement was not introduced into evidence.